NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRANCE STRADFORD,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 11-4522 (FLW)<br><br>OPINION |

**APPEARANCES**:

    TERRANCE STRADFORD, #20666-058
    FDC Canaan
    P.O. Box 200
    Waymart, PA 18472
    Petitioner *Pro Se*

    SARAH M. WOLFE, Assistant U.S. Attorney
    PAUL J. FISHMAN, United States Attorney
    402 E. State Street
    Trenton, NJ 08608
    Attorneys for United States

**WOLFSON, District Judge**:

    Terrance Stradford , a prisoner who is detained at FDC Canaan, filed an Amended Motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a 120-month sentence entered in this Court on July 22, 2008, in *United States v. Stradford,* Crim. No. 06-0275 (FLW) judgment (D.N.J. July 22, 2008). The United States filed an answer. Stradford filed a reply, a supplemental petition, and two motions to clarify the status of the case. Stradford's § 2255 motion revolves around his claim that the Magistrate Judge lacked authority to conduct the arraignment, to enter a continuance order, and to set his trial date. For the reasons expressed below, the Court will

construe the supplemental petition as a supplemental reply, deny relief under § 2255, decline to issue a certificate of appealability, and deny the motions to clarify as moot.

## I. BACKGROUND

On December 28, 2005, the United States filed a criminal complaint charging Terrance Stradford with knowingly conspiring to obtain money through interstate wire transmissions by means of fraudulent pretenses, in violation of 18 U.S.C. § 1343, and knowingly engaging, attempting to engage, and aiding and abetting others in engaging in monetary transactions in criminally derived property worth more than $10,000, contrary to 18 U.S.C. § 1957. The complaint alleged that Stradford, a dentist and businessman, defrauded several banks and lending agencies in a fraudulent scheme in which he offered real property that had already been encumbered, as collateral for loans, and concealed the existing liens from subsequent lenders. A warrant for Stradford's arrest issued the same day, and the FBI arrested him on January 11, 2006. On April 5, 2006, a grand jury returned a 23-count indictment, and on August 23, 2006, a grand jury returned a 24-count superseding indictment. Prior to trial, Stradford filed a motion to dismiss the superseding indictment based on the Speedy Trial Act, which this Court denied by Order filed July 17, 2007, after conducting an evidentiary hearing. Jury selection began on September 10, 2007, and, on September 26, 2007, a jury returned a verdict finding Stradford guilty on all counts. On July 21, 2008, this Court imposed a below-guidelines sentence of 120 months in prison and three years of supervised release.

Stradford appealed, arguing that this Court erred in denying his motion to dismiss the superseding indictment on speedy trial grounds. *See United States v. Stradford,* 394 F.App'x 923 (3d Cir. 2010). The Third Circuit found: (1) the Magistrate Judge's February 14, 2006, Order,

which granted a 45-day continuance and excluded the period from February 17, 2006, through April 3, 2006, in computing time under the Speedy Trial Act, complied with the Speedy Trial Act; and (2) this Court's June 5, 2006, Order, which granted a continuance and excluded the time from June 5, 2006, through August 1, 2006, in computing the time under the Speedy Trial Act, was not an abuse of discretion. *Id.* The Court of Appeals accordingly affirmed. *Id.* On April 4, 2011, the United States Supreme Court denied Stradford's petition for certiorari, *see Stradford v. United States,* 131 S.Ct. 1829 (No. 10-9221) (2011), and on May 31, 2011, the Supreme Court denied rehearing, *see Stradford v. United States,* 131 S.Ct. 2951 (2011).

Stradford filed the instant motion to vacate, pursuant to 28 U.S.C. § 2255, on August 5, 2011. (Motion, ECF No. 1.) On October 6, 2011, this Court notified Stradford, pursuant to *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999), that he could elect to have his motion ruled upon as filed, or withdraw the motion and file an all-inclusive § 2255 motion (subject to the one-year statute of limitations). (Order, ECF No. 3.) In response, Stradford filed an amended § 2255 motion. (Amended Motion, ECF Nos. 4, 4-1.) He sets forth the following grounds on the face of the amended motion: (1) he was denied his right to a speedy trial; (2) the Magistrate Judge lacked jurisdiction to preside over various pretrial proceedings; and (3) he was denied the effective assistance of counsel.[1] (Amended Motion, ECF No. 4 at pp. 4-5.)

On May 18, 2012, the government filed an answer, arguing that the motion should be denied because Stradford's Speedy Trial Act claims were rejected on direct appeal, counsel was not ineffective, and his claims are procedurally defaulted and without merit. (Answer, ECF No.

---

[1] Stradford's amended motion raises the Speedy Trial Act in his grounds one and four. (Amended Motion, ECF No. 4 at 4-5.) This Court will consider the speedy trial claims as Ground One.

3

20.) Stradford filed a reply on May 31, 2012 (ECF No. 20), a letter brief on July 18, 2012 (ECF No. 24), and a document labeled supplemental petition on May 3, 2013.[2] (ECF No. 25.) He filed motions to clarify the status of the case on May 3, 2013, and August 19, 2013. (Motions, ECF Nos. 26, 28.)

## II. DISCUSSION

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). An evidentiary hearing is not required under § 2255 where "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla-Castro,* 426 F.App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

A. Ground One: Speedy Trial

Stradford raised speedy trial claims before this Court in a motion to dismiss the indictment and before the Third Circuit on direct appeal. Both courts squarely rejected these claims on the merits. *See Stradford,* 394 F.App'x 923. The government argues, and this Court agrees, that readjudication of Stradford's speedy trial claims at this time is not warranted.

Although res judicata does not bar § 2255 review of constitutional issues, *see Kaufman v. United States,* 394 U.S. 217, 227 n.8 (1969), "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion

---

[2] Although the reply, letter brief, and supplemental petition are confusing and repetitive, this Court will consider all the arguments raised in these documents as Stradford's "reply."

of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255." *United States v. Orejuela,* 639 F.2d 1055, 1057 (3d Cir. 1981). *See also Lamar v. United States,* Civ. No. 05-155 (GEB), 2007 WL 1959273, at *2 (D.N.J. Jul. 5, 2007). The reasons supporting this rule include "the strong policies favoring finality" and "the conservation of scarce judicial resources." *Orejuela,* 639 F.2d at 1057. An exception exists when there has been an "intervening change in law" affecting the claim previously decided adversely to the petitioner. *Davis v. United States,* 417 U.S. 333, 342 (1974); *accord Sonneberg v. United States,* C.A. No. 01-2067, 2003 WL 1798982 (3d Cir. Apr. 4, 2003).

In this case, Stradford's speedy trial claims were fully explored before this Court in his motion to dismiss and by the Third Circuit on direct appeal, and Stradford has not shown an intervening change in law. Accordingly, this Court sees no reason to disturb the prior decision of the Third Circuit rejecting Stradford's speedy trial issues. *See United States v. DeRewal,* 10 F.3d 100, 105 n.4 (3d Cir. 1993); *United States v. Scherer,* 673 F.2d 176, 180 (7th Cir. 1982); *Orejuela,* 639 F.2d at 1057; *Nunez v. United States,* Civ. No. 07-1193 (FLW), 2008 WL 2705016 (D.N.J. July 8, 2008).

B.  Ground Two:  Jurisdiction of the Magistrate Judge

In Ground Two, Stradford challenges the jurisdiction of the Magistrate Judge to conduct the arraignment on April 6, 2006, to enter a continuance order, and to set his trial date. The government argues, and this Court agrees, that this ground is procedurally defaulted because Stradford failed to raise it in his direct appeal and, to the extent the ground implicates jurisdiction or was not procedurally defaulted, it is without merit.

(1) Procedural Default

"Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994) and *Sunal v. Large*, 332 U.S. 174, 178 (1947)). The general rule is that, with the exception of ineffective assistance of counsel claims, claims not raised on direct appeal may not be raised in a § 2255 motion unless the petitioner shows cause and prejudice or actual innocence. *See Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley,* 523 U.S. at 622 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (internal citations omitted). An exception to this rule exists for ineffective assistance of counsel claims, which "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro*, 538 U.S. at 504; *see also United States v. Davies,* 394 F.3d 182, 188 (3d Cir. 2005).

"The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro*, 538 U.S. at 504. Under the cause and prejudice standard, "a convicted defendant must show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Pelullo*, 399 F.3d 197, 220-21 (3d Cir. 2005) (quoting *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). To establish "cause" for procedural default, a defendant must show that "some objective factor external to the defense impeded counsel's efforts' to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

6

"Examples of external impediments which have been found to constitute cause in the procedural default context include interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel." *Pelullo*, 399 F. 3d at 223 (citations and internal quotation marks omitted). "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (citation and internal quotation marks omitted). In addition, a procedural default caused by counsel's tactical decision, ignorance of the law or facts, or inadvertence that is short of constitutional ineffectiveness is binding on the habeas petitioner. *See Murray*, 477 U.S. at 485-87; *see also Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("Where the basis for a . . . claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.").

Here, Stradford argues that he has cause for procedurally defaulting his claim involving the Magistrate Judge because counsel was ineffective in failing to challenge the authority of the Magistrate Judge before this Court and on direct appeal.[3] While a successful showing of ineffective assistance of counsel may satisfy the "cause" prong of a procedural default inquiry, it can do so only if the ineffectiveness rises to the level of a constitutional deprivation under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Trevino v. Thaler,* 133 S.Ct. 1911, 1917 (2013); *Martinez v. Ryan,* 132 S.Ct. 1309, 1317 (2012); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). However, if Stradford's challenge to the authority of the Magistrate Judge lacks merit,

---

[3] Stradford argued in his motion for a new trial, pursuant to Fed. R. Crim. P. 33, that counsel's performance was ineffective, but he did not argue that counsel was deficient in failing to challenge the authority or jurisdiction of the Magistrate Judge. *See United States v. Stradford,* Crim. No. 06-0275 (FLW), 2008 WL 2275999, *10-*13 (D.N.J. May 30, 2008).

then he cannot successfully argue that counsel's failure to raise the claim was constitutionally deficient performance. *See United States v. Mannino*, 212 F. 3d 835, 840 (3d Cir. 2000). Thus, this Court will review Stradford's challenge to the authority of the Magistrate Judge to determine whether the claim has merit.

(2) Merits of Claim

In his amended § 2255 motion and reply, Stradford argues that the Magistrate Judge lacked the jurisdiction and authority to preside over the entry of a not guilty plea at Stradford's arraignment on April 6, 2006, to enter a continuance order, and to set a trial date.[4] This Court rejects these claims. For one, the Magistrate Judge did not set Stradford's September 10, 2007, trial date; thus, his challenge on this basis is denied.[5] As for his remaining challenges, the Federal Magistrates Act and Local Criminal Rule 5.1 authorized the Magistrate Judge to preside over Stradford's arraignment and to enter a continuance order.

The Federal Magistrates Act "grew out of Congress' desire to give district judges additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships. Congress did not intend district judges to devote a substantial portion of their available time to various procedural steps rather than to the trial itself." *Thomas v. Arn,* 474 U.S. 140, 152-53 (1985) (citations, footnote, and internal quotation marks omitted). While Article III of the Constitution "vests the judicial power of the United States in judges who have life

---

[4] In the amended motion, Stradford argues that "the Mag. Judge was without Jurisdiction, to preside at the felony arraignment of 4/6/06, on the charges . . ; to hear and determine the pre-trial matter [on] Feb. 14, 2006, [and] July 31, 2006 . . ." (Amended Motion, ECF No. 4-1 at 32.) He argues in his reply that the Magistrate Judge had no authority to set a trial date. (ECF No. 21 at 12.)

[5] On January 16, 2007, the undersigned set Stradford's trial date for September 10, 2007. *See United States v. Stradford,* Crim. No. 06-0275 (FLW), Minute Entry, ECF No. 62.

tenure and protection from decreases in salary," and a magistrate judge is not an Article III judge, the Supreme Court has held that Article III is satisfied so long as "the entire process takes place under the district court's total control and jurisdiction," and the district judge "exercise[s] the ultimate authority to issue an appropriate order." *Id.* at 153 (citation and internal quotation marks omitted).

The Federal Magistrates Act, which governs the jurisdiction and powers of a magistrate judge, provides that a district judge

> may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

In accordance with § 636(b)(1)(A), Local Criminal Rule 5.1 authorizes a magistrate judge in this district "to perform all judicial duties assigned by the Court that are consistent with the Constitution and the laws of the United States which include . . . [c]onducting arraignments in accordance with Fed. R. Crim. P. 10, to the extent of taking a not guilty plea or noting a defendant's intention to plead guilty or *nolo contendere*, [and h]earing and determining any criminal pretrial motion or other criminal pretrial matter, other than those motions specified in L.Cr.R. 5.1(o) . . ."  [6]   Loc. Crim. R. 5.1(g) and (n).

---

[6] Consistent with 28 U.S.C. § 636(b)(1)(B), Local Criminal Rule 5.1(o) refers to conducting evidentiary hearings and submitting to a district judge proposed findings of fact and recommendations for the disposition of applications for post-trial relief, motions to dismiss or quash an indictment, and motions to suppress. *See* Loc. Crim. R. 5.1(o).

Section 636(b)(1)(A) of the Federal Magistrates Act and Local Criminal Rule 5.1, authorized the Magistrate Judge to preside over Stradford's arraignment (at which a not guilty plea was entered) and to grant a continuance. *See United States v. Stephenson,* 244 F.App'x 166, 167 (9th Cir. 2007) (holding that the district court properly delegated the arraignment to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)); *Carter v. United States,* 388 F.Supp. 1334, 1338 (W.D. Pa.) (rejecting claim in § 2255 motion that magistrate judge was not authorized to conduct Carter's arraignment), *aff'd,* 517 F.2d 1397 (3d Cir. 1975); *United States v. Jensen,* 690 F.Supp.2d 901, 915 (D. Ala. 2010) ("The district court has discretion to delegate an arraignment to a magistrate judge over a defendant's objections."); *United States v. Friel,* 436 F.Supp.2d 187, 188 (D. Maine 2006) ("Since he entered a not guilty plea, there was no requirement that an Article III judge take the plea."); *Shakespeare v. United States,* Civ. No. 13-0236 (SEB), 2013 WL 2942842 *1 (S.D. Ind. June 13, 2013) (rejecting § 2255 claim that court lacked jurisdiction to enter judgment of conviction because a magistrate judge conducted the arraignment, insofar as "[j]urisdiction to conduct an arraignment and take a not guilty plea in a felony case is conferred under § 636(b), not as additional duties requiring parties to give consent.") (citation omitted); *see also* 1A Andrew D. Leipold, Peter J. Henning, *Federal Practice and Procedure Criminal* § 161 (4th Ed. 2008) ("The arraignment may be held before a magistrate judge when so authorized by local rule."). Moreover, in rejecting Stradford's speedy trial claims, the Third Circuit implicitly approved the authority of the Magistrate Judge to enter the February 14, 2006, continuance order. *See Stradford,* 395 F.App'x at 925-27.

To the extent Stradford claims that § 636(b)(1)(A) and Local Criminal Rule 5.1 violate Article III of the Constitution, this argument fails. This Court retained jurisdiction over

Stradford's pretrial felony proceedings at all times, and this Court specifically had the authority to reconsider any pretrial action of the Magistrate Judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the challenged actions of the Magistrate Judge "t[ook] place under the district court's total control and jurisdiction," *United States v. Raddatz,*, 447 U.S. 667, 681 (1980), there was "no danger that use of the magistrate involve[d] a congressional attemp[t] to transfer jurisdiction [to non-Article III tribunals] for the purpose of emasculating constitutional courts." *Peretz v. United States,* 501 U.S. 923, 937 (1991) (citations and internal quotation marks omitted). Stradford's constitutional argument is without merit. *Cf. Thomas,* 474 U.S. at 153-154 (holding that the Sixth Circuit's rule - that a habeas petitioner's failure to timely object to the magistrate judge's report and recommendation constitutes a waiver of appellate review - does not implicate Article III because a district judge retains jurisdiction to review magistrate judge's recommendation); *Raddatz,* 447 U.S. at 681-84 (holding that § 636(b)(1)(B) of the Federal Magistrates Act does not violate Article III where the authority to make a final determination on criminal defendant's suppression motion in a felony case remains with the district judge).

Stradford nevertheless relies on *Gomez v. United States,* 490 U.S. 858 (1989), for the general proposition that magistrate judges lack jurisdiction to conduct proceedings in felony cases. *Gomez* does not govern this case because it involved § 636(b)(3), which provides that "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). In *Gomez,* the Supreme Court held that those additional duties do not include jury selection in felony cases without the defendant's consent. *Id.* at 860, 876. Later, in *Peretz,* 501 U.S. 923, the Court held that §

636(b)(3) may include jury selection when the defendant has consented because, when the defendant consents, designation of jury selection to a magistrate judge is not inconsistent with Article III. The Court reasoned that the absence of defendant's consent to having a magistrate judge conduct *voir dire* implicated "the substantial question whether a defendant has a constitutional right to demand that an Article III judge preside at every critical stage of a felony trial." *Id.,* 501 U.S. at 929. In addition, the Court opined that, "[b]ecause the specified duties that Congress authorized magistrates to perform without the consent of the parties were not comparable in importance to supervision of felony trial *voir dire* but were instead subsidiary matters, we did not waver from our conclusion that a magistrate cannot conduct *voir dire* over the defendant's objection." *Id.* at 932 (citation and internal quotation marks omitted). Contrary to Stradford's contention, *Gomez* does not stand for the proposition that a magistrate judge lacks authority to conduct an arraignment and to enter a continuance order, since these are pretrial matters included in the grant of authority under § 636(b)(1)(A), not additional duties within § 636(b)(3).

Stradford did not cite, and this Court's independent research did not identify, any decision by a Court of Appeals or the Supreme Court holding that a magistrate judge lacks the statutory or constitutional authority to conduct an arraignment (where a not guilty plea is entered) or order a continuance. As § 636(b)(1)(A) and Local Criminal Rule 5.1 authorized the Magistrate Judge in Stradford's case to conduct his arraignment and order a continuance, and Stradford has not shown that this designation violates Article III, this Court finds that Stradford's jurisdictional challenge to then Magistrate Judge Rosen's jurisdiction to conduct his arraignment and to enter a continuance order is without merit.

C.  Ground Three:  Ineffective Assistance of Counsel

Stradford argues in Ground Three that counsel was constitutionally deficient in failing to successfully and properly argue the speedy trial claim, failing to challenge the jurisdiction of the Magistrate Judge, failing to challenge this Court's signature on the June 5, 2006, continuance order, failing to argue that the continuance order referring to plea negotiations constituted a fraud on the court, and failing to move for a downward departure based on the destruction of his livelihood, the need to avoid sentencing disparity, and Stradford's excessive pretrial incarceration.

To establish a Sixth Amendment ineffective assistance claim, the defendant must show that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper,* 132 S.Ct. 1376, 1384 (2012) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984)); *see also Grant v. Lockett,* 709 F.3d 224, 234-35 (3d Cir. 2013). However, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Ross v. District Attorney of the County of Allegheny,* 672 F.3d 198, 211 n.9 (3d Cir. 2012) (quoting *Werts v. Vaughn,* 228 F.3d 178, 202 (3d Cir. 2000)); *see also Mannino*, 212 F. 3d at 840. Because Stradford has not shown that any of his rights were violated by counsel's alleged failure to prevail on the speedy trial claim, failure to challenge the jurisdiction of the Magistrate Judge, failure to challenge this Court's signature on the June 5, 2006, continuance Order,[7] or failure to argue that the continuance order referring to plea negotiations constituted a fraud on the court,[8]

---

[7] The continuance Orders filed on June 5, 2006, and July 31, 2006, were properly authorized and entered by this Court.  *See Stradford,* Crim. No. 06-0275 (FLW), at ECF Nos. 28, 35.

[8] Stradford contends that the continuance order constituted a fraud on the Court because it referenced plea negotiations as a basis for the continuance, but plea negotiations were not being conducted.  The Third Circuit considered the fact that plea negotiations were not being pursued, and determined that "the factual errors contained in the order did not undermine its validity."

trial counsel could not have been constitutionally deficient for failing to properly pursue these issues. Moreover, Stradford contends that counsel was constitutionally deficient in failing to seek a downward departure, but counsel asked for a downward departure based on the conditions of Stradford's pretrial incarceration and successfully argued for a below-guidelines sentence.[9] Because Stradford has not shown constitutionally deficient performance, he has not established an ineffective assistance of counsel claim. Because none of Stradford's grounds have merit, this Court will dismiss his amended § 2255 motion.[10]

D. Certificate of Appealability

Stradford has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B). *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

---

*Stradford,* 394 F.App'x at 926.

[9] Before the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 234 (2005), the federal Sentencing Guidelines had "the force and effect of laws." *Booker* "held unconstitutional that portion of the Guidelines that made them mandatory," *Rita v. United States,* 551 U.S. 338, 354 (2007), "and replaced the mandatory regime with one in which the Guidelines are 'effectively advisory.'" *United States v. Merced,* 603 F.3d 203, 213 (3d Cir. 2010) (quoting *Booker,* 543 U.S. at 245). For a sentence entered after *Booker,* a sentencing court must "'consider the Guidelines range,' pursuant to § 3553(a)(4), but also 'tailor the sentence in light of other statutory concerns' reflected in the sentencing factors of § 3553(a)." *Merced,* 603 F.3d at 213 (quoting *Booker*, 543 U.S. at 245). In the instant case, the sentence this Court imposed - 120 months in prison - was 15 months below the guidelines range of 135 to 168 months. (Transcript of Sentencing, July 21, 2008, ECF No. 20-2 at 73-74.) Since the Guidelines are advisory, the Guidelines are only one factor to be considered under § 3553(a), and this Court imposed a below-guidelines sentence based on all the factors set forth in § 3553(a); there was no prejudice for counsel's alleged failure to seek a downward departure on the additional factors described by Stradford in his § 2255 motion.

[10] This Court will deny Stradford's motions to clarify the status of the case as moot.

14

## III. CONCLUSION

This Court dismisses the amended § 2255 motion, denies a certificate of appealability, and denies the motions to clarify the status of the case.

                                                         s/Freda L. Wolfson
                                                     **FREDA L. WOLFSON, U.S.D.J.**

DATED:    November 7, 2013